NORRIS *& a.* v. ATKINSON *& a.*

A discharge under the insolvency laws of Massachusetts is not a bar to the recovery upon a contract made in that state, when it appears that it was to be performed elsewhere, and the plaintiff was not a resident of the state at the commencement of the proceedings.

COVENANT, upon an agreement under seal for the use of a certain play, and the services of the plaintiff Norris and his wife in acting in it. Facts found by the court. The defendant Atkinson pleaded his discharge under the insolvency laws of Massachusetts. The first publication of the notice of the warrant in the insolvency proceedings was March 22, 1883. When the agreement was made Norris was a resident of Massachusetts, but in 1882 he left the state, and has not resided there since. The agreement was made in Massachusetts, but was to be performed in a theatrical troupe anywhere it might chance to go between the two oceans, and the alleged breaches occurred mainly in Maryland and farther west.

*R. D. Barnes* and *A. F. Stevens*, for the plaintiffs.

*C. H. Burns*, for the defendants.

ALLEN, J. The insolvency laws of Massachusetts have no operation beyond the limits of the jurisdiction of that state, and the defendants' debt to the plaintiffs was not discharged by the insolvency proceedings unless the creditors were citizens of that state at the time of the proceedings, or voluntarily submitted to the jurisdiction and assented to the discharge. *Baldwin* v. *Hale*, 1 Wall. 223; *Bank* v. *Butler*, 45 N. H. 236; *Dunlap* v. *Rogers*, 47 N. H. 281; *Kelley* v. *Drury*, 9 Allen 27. The law of Massachusetts, under which the discharge was granted, provides that the debtor shall be discharged from all debts provable, and founded on any contract made within the state and to be performed there, or due to any person resident therein at the time of the first publication of notice of the proceedings. In this case Atkinson's contract was not to be performed in the state, nor was the creditor Norris, who is sole owner of the claim here prosecuted, at the time the insolvency proceedings commenced, a resident there. The certificate of discharge does not in terms undertake to release the debtor from his obligation to pay a debt due a citizen of another state, but limits the discharge to debts due to persons who were resident within the commonwealth on the day of the first publication of notice of the proceedings. Neither by the certificate of discharge, nor by the insolvent laws of Massachusetts (*Bell* v. *Lamprey*, 57 N. H. 168), nor by the general law, was Atkinson discharged from the debt, and the certificate of discharge is no bar to the plaintiffs' right of recovery. The exceptions are overruled, and there must be

*Judgment on the verdict.*

BINGHAM, J., did not sit; the others concurred.